UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 OCT -9  AM 10: 43

CLERK'S OFFICE
AT BALTIMORE

BY ____BV____ DEPUTY

IN THE MATTER OF
THE EXTRADITION OF
LEONARDO MENDEZ JIMENEZ

Alias Nardo

UNDER SEAL

Misc. Number: 14mcj88

## COMPLAINT FOR EXTRADITION
## FOR COMPLETION OF SENTENCE PURSUANT TO 18 U.S.C. § 3184

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I act for and on behalf of the Government of Costa Rica ("requesting state");

2. There is an extradition treaty in force between the United States and Costa Rica. The relevant and applicable treaty provisions in full force and effect between the United States and Costa Rica are found in the Extradition Treaty Between the Government of the United States of America and the Government of the Republic of Costa Rica signed December 4, 1982, with a related exchange of notes signed December 16, 1982 ("Extradition Treaty").

3. In accordance with Article 9 of the Extradition Treaty, the Government of Costa Rica has submitted a formal request through diplomatic channels for the arrest and extradition of Costa Rican citizen LEONARDO MENDEZ JIMENEZ, alias Nardo, ("MENDEZ JIMENEZ") to complete a sentence imposed following his conviction of the crime of drug trafficking in the modality of organized crime.

4. According to the documentary evidence and information provided by the requesting state in Diplomatic Note ECRW-13-0177, dated December 19, 2013, and Diplomatic Note ECRW-



CG-140073-14, dated September 12, 2014, the facts and circumstances of MENDEZ JIMENEZ's conviction are as follows:

5. MENDEZ JIMENEZ was convicted and sentenced in Sentencia number 68-02 (sometimes referred to as 68-2002) in Criminal File No. 01-000586-067-PE, in the Cartago Penal Court located in Turrialba, Costa Rica, of the offense of drug trafficking in the modality of organized crime, as proscribed by Articles 61 and 71(f) (Law Number 7786) of the Penal Code of Costa Rica, in effect when the crime was committed. (The law was amended on December 26, 2001, and is found in Article 58 pursuant to Law Number 8204. The Government of Costa Rica provided a reference to the current law in its Diplomatic Note of September 12, 2014, to demonstrate that the conduct remains illegal in Costa Rica and to explain why Article 58 was referenced in the international arrest warrant.)

6. Following a judicial proceeding at which MENDEZ JIMENEZ was represented by counsel, on September 24, 2002, MENDEZ JIMENEZ was convicted and sentenced to eight years in prison for his role in an organized conspiracy to distribute crack cocaine in and around the Central Hotel in Turrialba, Costa Rica. The conviction was affirmed on appeal on February 20, 2004.

7. In October 2002, while the appeal was pending, MENDEZ JIMENEZ was released on bond and fled Costa Rica.

8. The international arrest warrant on which the extradition request is based was issued by the Court of Cartago, Turrialba Office, on August 22, 2012.

9. Distribution of cocaine using an organized group is an extraditable offense under Article 2 of the Extradition Treaty between the United States and Costa Rica. As set forth in the documents explaining the basis for MENDEZ JIMENEZ's conviction, in December 2000,

Costa Rican law enforcement authorities responded to repeated complaints from neighbors that the Central Hotel in downtown Turrialba, Costa Rica, was being used as a front for drug trafficking. A minor was arrested for selling crack cocaine that month and the law enforcement operation intensified. Through the use of controlled purchases with marked bills, cooperating witnesses, undercover officers and lawfully recorded telephone conversations, law enforcement authorities determined that MENDEZ JIMENEZ and his brother, Wilson Mendez Jimenez, were the primary organizers of a drug distribution conspiracy that used the hotel owners and managers to distribute crack cocaine and to launder the proceeds of the sale of the drugs. In July 2001, another minor was arrested and law enforcement stepped up the investigation. MENDEZ JIMENEZ was observed by law enforcement authorities delivering three crack stones and a marijuana cigarette on July 27, 2001. A cooperating witness told law enforcement authorities that MENDEZ JIMENEZ would depart for San Jose, Costa Rica, to purchase more drugs to resupply the organization. Law enforcement authorities monitored MENDEZ JIMENEZ's movements and arrested him and a co-conspirator, Ana Isabel Hidalgo Mesen, on July 28, 2001, as they got off a bus returning from San Jose. Approximately 18.95 grams of crack cocaine were seized from MENDEZ JIMENEZ. Ana Isabel was released because she did not have any drugs on her person but she was later heard on recorded telephone conversations telling other co-conspirators that MENDEZ JIMENEZ was caught with "twenty" when he was arrested. The arrest of MENDEZ JIMENEZ and the seizure disrupted the distribution conspiracy and discussions about the disruption were recorded by law enforcement authorities. MENDEZ JIMENEZ's brother, Wilson, continued to lead the organization until law enforcement authorities raided the hotel on September 21, 2001, and arrested the

other co-conspirators. Both MENDEZ JIMENEZ and his brother, Wilson, received sentences of eight years. Other co-conspirators received lesser sentences as reflected in the Sentencia 68-02 issued by the court on September 24, 2002.

10. Under Costa Rican law, a statute of limitations applies to the service of a sentence following conviction. The statute of limitations starts when the sentence is final or confirmed and is equal to the sentence plus one-third. Article 84 of Law Number 4573 of the Penal Code of Costa Rica. The statute of limitations is tolled or interrupted if the fugitive surrenders or is arrested. Article 87 of Law Number 4573 of the Penal Code of Costa Rica. According to the documentation provided by the Government of Costa Rica, the statute of limitations applicable to service of the sentence will expire on October 20, 2014, but that statute of limitations will be tolled by the arrest of MENDEZ JIMENEZ on an extradition warrant.

11. Susan Benda, an attorney in the Office of the Legal Adviser of the United States Department of State, has provided the Department of Justice with a declaration authenticating copies of the diplomatic notes by which the request for extradition was made and a copy of the extradition treaty between the United States and Costa Rica. The declaration states that the offense for which extradition is requested is covered by the treaty, and confirms that the documents supporting the request for extradition are properly certified by the principal United States diplomatic or consular officer in Costa Rica in accordance with Title 18, United States Code, Section 3190, so as to require them to be received in evidence.

12. The declaration from the Department of State with its attachments, including a copy of the diplomatic note dated December 19, 2013, formally requesting extradition, the

supplemental diplomatic note dated September 12, 2014, a copy of the relevant extradition treaty, and the certified documents submitted in support of the extradition request are filed with this complaint and incorporated by reference herein. See **Exhibit A**, Yellow Ribboned Declaration of Susan Benda dated September 15, 2014, and attached diplomatic notes and copy of the Extradition Treaty; and **Exhibit B**, Red Ribboned set of documents certified by Robin Haase relating to the conviction and sentencing of MENDEZ JIMENEZ in Costa Rica.

13. MENDEZ JIMENEZ is a citizen of Costa Rica. His birth date is November 6, 1973. Photographs and fingerprints of MENDEZ JIMENEZ have been provided by the Government of Costa Rica.

14. MENDEZ JIMENEZ is believed to be currently residing in Columbia, Maryland. The United States Marshals Service has detailed location information.

15. Because disclosure of the existence of this complaint and the requested warrant may cause MENDEZ JIMENEZ to flee, or may put the arresting officers in greater danger, the undersigned complainant requests that this complaint and the requested warrant be placed UNDER SEAL until the arrest of MENDEZ JIMENEZ or until further order of the Court.

16. WHEREFORE, the undersigned requests that a warrant for the arrest of MENDEZ JIMENEZ be issued in accordance with the Extradition Treaty between the United States and Costa Rica and Title 18, United States Code, Section 3184, so that the fugitive may be arrested and brought before this court, "to the end that the evidence of criminality may be heard and considered," and requests that the Court take such other actions as may be required under the provisions of the treaty and the laws of the United States.